UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMON CISNEROS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | CASE NO. C05-1138JCC <br> (CR02-216JCC) <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response raising the statute of limitations as a bar to the Court's consideration of petitioner's motion. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely.

PROCEDURAL HISTORY

On July 2, 2002, petitioner pleaded guilty to one count of bank robbery. (*See* CR02-216JCC, Dkt. No. 14 and 15.) On September 13, 2002, petitioner was sentenced by the Honorable John C. Coughenour, United States District Judge, to 120 months of imprisonment. Judgment was entered in petitioner's case on September 16, 2002. (*Id.*, Dkt. No. 21.) Petitioner did not appeal. On June 22, 2005, petitioner, through counsel, filed the instant motion for relief under § 2255. The government

REPORT AND RECOMMENDATION
PAGE 1

filed a timely response to petitioner's motion on August 31, 2005, and petitioner filed a reply brief in support of his motion on September 19, 2005.

## DISCUSSION

Petitioner asserts in his § 2255 motion that his sentence was imposed in violation of his rights under the Sixth Amendment because the federal sentencing guidelines were mandatory at the time of his sentencing. Petitioner seeks re-sentencing pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005) and/or *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

In its response, the government argues first that petitioner's motion is untimely and therefore barred from review. In addition, the government argues that even if timely, petitioner's claim is procedurally defaulted and therefore is not susceptible to review via a § 2255 motion. For the reasons set forth below, the Court finds that the government's position on the timeliness question is correct, and the Court therefore does not address the government's alternative arguments.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner does not dispute that he filed the instant § 2255 motion more than one year after his conviction became final. Rather he relies upon subsection (3), as set forth above, which is effectively

REPORT AND RECOMMENDATION
PAGE 2

an exception to the general one-year time limit set forth in subsection (1). This exception essentially has two conditions that must be satisfied before it applies. First, petitioner must show that he filed the § 2255 motion within one year from the date that the Supreme Court announced any "newly recognized" rights that are the basis of the motion. Second, petitioner must show that the Supreme Court made these rights "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

It is undisputed that the Supreme Court decided *Blakely* and *Booker* less than one year from the date that petitioner filed the instant § 2255 motion. However, the Supreme Court has been silent as to whether *Blakely* or *Booker* apply retroactively. The Ninth Circuit – and all other circuit courts that have considered the question – has held that neither *Blakely* nor *Booker* apply retroactively to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).[1] Thus, petitioner fails to satisfy the second prong of the exception and his § 2255 motion is therefore untimely.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is barred by the applicable statute of limitations and should be dismissed. A proposed order is attached to this Report and Recommendation.

DATED this 7th day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge

---

[1] Petitioner argues in his reply brief that *Schardt* and *Cruz* were both wrongly decided. Of course, that argument cannot prevail here as those decisions of the Ninth Circuit are binding on this Court.

REPORT AND RECOMMENDATION
PAGE 3