04-CV-01138-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON CISNEROS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-1138C

ORDER

This matter comes before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1), the Report and Recommendation ("R&R") of Judge Monica J. Benton, United States Magistrate Judge, Petitioner's objections to the R&R, and the remaining record. Having reviewed the materials submitted by the parties and the record, and having determined that oral argument is not necessary, the Court hereby finds and rules as follows:

I.   BACKGROUND

On July 2, 2002, Petitioner pleaded guilty to a single count of bank robbery. (R&R at 1.) On September 13, 2002, Petitioner was sentenced to 120 months of imprisonment, and judgment was entered on September 16, 2002. (R&R at 1.) Approximately three years later, in light of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S.

ORDER – 1

1  220 (2005), on June 22, 2005, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or
2  correct his federal court sentence. (R&R at 1.) Petitioner argues that his motion is not time-barred
3  because it was brought within one year from the dates *Blakely* and *Booker* were decided and because
4  both *Blakely* and *Booker* announced new rights that were made retroactively applicable to cases on
5  collateral review. (Pet'r Mem. at 10.) Respondent opposes the motion on grounds that (1) *Blakely* and
6  *Booker* are not retroactive, and (2) Petitioner's claim is procedurally defaulted and not susceptible to
7  review via a § 2255 motion. (Reply at 6, 13.)
8      Judge Benton recommends in her R&R that Petitioner's motion be dismissed as barred by the
9  applicable statute of limitations.

10  II.  **ANALYSIS**
11      This Court reviews the record *de novo* when considering objections to a magistrate judge's report
12  and recommendation. *See* 28 U.S.C. § 636(b)(1).
13      Petitioner's motion is untimely because the Supreme Court has not made the rights announced in
14  *Blakely* and *Booker* "retroactively applicable to cases on collateral review" for purposes of a motion filed
15  under 28 U.S.C. § 2255. 28 U.S.C. § 2255(3). In general, "[a] state prisoner whose conviction is final
16  may not automatically have the rule from a subsequently decided case applied in a petition for habeas
17  corpus pursuant to § 2255." *Schardt v. Payne*, 414 F.3d 1025, 1033 (9th Cir. 2005). There are only two
18  exceptions to the rule against retroactivity. First, new substantive rules that "forbid[] punishment of
19  certain primary conduct or . . . rules prohibiting a certain category of punishment for a class of
20  defendants because of their status or offense" generally apply retroactively. *Id.* at 1033-34 (citing *Beard*
21  *v. Banks*, 542 U.S. 406, 416 (2004)). Second, new rules of criminal procedure apply retroactively where
22  they amount to "watershed rules of criminal procedure implicating the fundamental fairness and
23  accuracy of the criminal proceeding." *Id.* at 1034 (citing *Beard*, 542 U.S. at 417 (2004)).
24      The Ninth Circuit Court of Appeals, as well as every other circuit court that has considered the
25  present issue, has unequivocally stated that *Blakely* is neither a substantive rule nor a watershed rule of
26  ORDER – 2

criminal procedure. *Schardt*, 414 F.3d at 1036 (*Blakely* does not announce a watershed rule of criminal procedure); *see also In re Elwood*, 408 F.3d 211 (5th Cir. 2005) (noting that *Apprendi*, 530 U.S. 466 (2000), and *Blakely* are not retroactive); *United States v. Prince*, 400 F.3d 844 (10th Cir. 2005) (same); *Carmona v. United States*, 390 F.3d 200 (2d Cir. 2004) (same). Similarly, every circuit court of appeals has held that the rule announced in *Booker* is also neither a substantive rule nor a watershed rule of criminal procedure that is automatically retroactive. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) (holding *Booker* does not announce a watershed rule of criminal procedure and citing opinions from four other circuits). *Cruz* characterized the *Blakely* and *Booker* rules as "rules that allocate decision-making authority [between judge and jury that] are prototypical procedural rules," and that such a change in the law does not rise to the level of a watershed rule of criminal procedure. *Cruz*, 423 F.3d at 1120-21. Accordingly, Petitioner cannot sustain his argument in light of the weighty legal authority contrary to his position.

For these reasons, it is hereby ORDERED:

(1) The Court adopts the Report and Recommendation,

(2) Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is DISMISSED, and

(3) the Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to Judge Benton.

SO ORDERED this 17 day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3