UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON CISNEROS,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. CV05-1138-JCC

ORDER

        This matter comes before the Court on Petitioner's Notice of Civil Appeal (Dkt. No. 18), which this Court construes as a motion for a certificate of appealability ("COA") under Circuit Rule 22-1(a) and 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner's memorandum in support of his motion for issuance of a COA (Dkt. No. 20), Respondent's Opposition thereto (Dkt. No. 22), and Petitioner's Reply (Dkt. No. 24). Having reviewed Petitioner's motion and the full record in this case, the Court hereby finds and rules as follows.

        To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to find a substantial showing of the denial of a constitutional right, a petitioner must "sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

ORDER – 1

to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of a denial of a constitutional right and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his request for a COA, Petitioner acknowledges that the Ninth Circuit has held that neither *United States v. Booker*, 543 U.S. 220 (2005), nor *Blakely v. Washington*, 542 U.S. 296 (2004), applies to cases on collateral review. Nevertheless, he contends that (1) the U.S. Supreme Court has not yet addressed the retroactivity of either *Booker* or *Blakely*—which he believes necessarily demonstrates that reasonable jurists could debate whether either decisions have retroactive effect—and (2) the Ninth Circuit's reliance on *Schriro v. Summerlin*, 542 U.S. 348 (2004), in determining that neither *Booker* nor *Blakely* apply to cases on collateral review, is misplaced because *Schriro* did not deal with the standard of proof required to impose a punishment. Neither of these arguments is persuasive.

First, while it is true that the U.S. Supreme Court has not specifically addressed the retroactivity of *Booker* or *Blakely*, the Court's silence on this issue does not mean that Petitioner necessarily satisfies his burden to show the denial of a substantial constitutional right. Moreover, Petitioner cannot use the Court's silence as means to sidestep settled law in the Ninth Circuit, as well as the law of every other circuit, that neither *Booker* nor *Blakely* are retroactive for purposes of a collateral attack under § 2255. Although the Ninth Circuit has not expressly said so, several other circuits have recognized "that courts of appeals and districts courts may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2255." *United States v. Swinton*, 333 F.3d 481, 486 (3rd Cir. 2003) (quoting *Ashley v. United States*, 266 F.3d 671, 673–74 (7th Cir. 2001)). Every circuit has held that neither *Booker* nor *Blakely* apply retroactively for purposes of collateral review. This unanimity among the circuit courts of appeals is itself sufficient to preclude the issuance of a COA in the present case.

ORDER – 2

1       Additionally, Petitioner's contention that *Booker* affected the standard of proof required to impose a punishment mischaracterizes the holding in that case.  The effect of *Booker* was to render the Federal Sentencing Guidelines advisory, rather than mandatory.  *Booker*, 543 U.S. at 246.  Judges, under their broad sentencing discretion, may still take into account facts relevant to sentencing that have been found by a preponderance of the evidence.  *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) ("As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing.").  Nothing in *Booker* altered this standard of proof.  *United States v. Mugan*, __ F.3d __, 2006 WL 770463 (8th Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 330 (3rd Cir. 2006) ("As before *Booker*, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence."), *amended by* ___ F.3d ___, 2006 WL 851781 (3rd Cir. 2006) (fixing typographical errors in previous opinion); *see also United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) ("Under an advisory Guideline regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence.").  As *Booker's* remedial opinion makes clear, "decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the Sixth Amendment so long as the guideline system has some flexibility in application."  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Therefore, Petitioner's argument that *Booker* itself increased the standard of proof by which facts must be found before they can provide the basis for increasing a sentence is without merit, and there is accordingly no basis for him to argue that the Ninth Circuit incorrectly decided the retroactivity of *Blakely* or *Booker*.

//
//
//
//
//

ORDER – 3

1    Petitioner cannot challenge his sentence under *Booker* or *Blakely* because they do not apply
2  retroactively to collateral petitions.  Accordingly, the Court finds that Petitioner has not demonstrated
3  that reasonable jurists could debate whether this Court's procedural ruling was incorrect, and his request
4  for the issuance of a COA is DENIED.

     SO ORDERED this 7th day of April, 2006.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4